UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-20092-CIV-WILLIAMS/HUNT

MARIA CARBALLO,

        Plaintiff,

v.

MARTIN O'MALLEY,
Commissioner for Social Security,[1]

        Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Parties' Cross Motions for Summary Judgment. ECF Nos. 15, 19. The Honorable Kathleen M. Williams, United States District Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 14; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions and the Responses thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends Plaintiff's Motion for Summary Judgment, ECF No. 15, be DENIED and Defendant's Motion for Summary Judgment, ECF No. 19, be GRANTED for the reasons outlined below.

## BACKGROUND

---

[1] Although Kilolo Kijakazi was the Acting Commissioner of the Social Security Administration at the time this case was filed, now Martin O'Malley is the Commissioner of the Social Security Administration and is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

Maria Carballo ("Plaintiff") filed an application for Disability Insurance Benefits on October 4, 2021, alleging a disability onset of September 22, 2020. ECF No. 15. The Social Security Administration ("SSA") denied her claim at the initial and reconsideration levels. *Id.* A hearing on Plaintiff's disability claim took place on April 10, 2023. *Id.* An Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim on April 27, 2023. *Id.* The Appeals Court affirmed the ALJ's decision on November 22, 2023. *Id.* Plaintiff now seeks judicial review of the ALJ's decision.

## **SOCIAL SECURITY FRAMEWORK**

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functioning capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 2020. ECF No. 11 at 15. At step two, the ALJ found Plaintiff had the following combination of severe impairments: osteoarthrosis, depressive disorders, generalized anxiety disorder, diabetes mellitus, hypertension, hyperlipidemia, mitral insufficiency, cardiac murmur, chronic fatigue syndrome, morbid obesity, psoriasis, status post covid-19, and osteoarthritis. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the

severity of one of the listed impairments in 20 C.F.R. § 404. *Id.* at 16. At step four, the ALJ found Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with several exceptions, including that Plaintiff could "carry out simple instructions involving no more than three steps." *Id.* at 18. After consultation with a vocational expert ("VE"), the ALJ determined Plaintiff could not perform past relevant work but could work as an office helper, garment sorter, and marker. *Id.* at 22–23, jobs that exist in significant numbers in the national economy.

## **STANDARD OF REVIEW**

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)). Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the ALJ's decision,

the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence.  See *Crawford*, 363 F.3d at 1158–59.

## ANALYSIS

Plaintiff argues primarily that the ALJ failed to properly advise Plaintiff, who was proceeding pro se, of her right to cross-examine the VE, depriving her of a meaningful chance to question the expert.  Plaintiff further argues the ALJ, in large part because of the cross-examination error, failed to fully and fairly develop the record.  This, according to Plaintiff, prejudiced her, as there are apparent conflicts between the VE's testimony and the information contained in the Dictionary of Occupational Titles.

As for the primary argument, Plaintiff contends that the ALJ's failure to properly inform Carballo of her right to cross-examine the VE deprived Carballo the opportunity to conduct any meaningful cross-examination.  Noting that "[i]t is indisputable that the ability to cross-examine witnesses is fundamental to due process," Plaintiff argues it was a fundamental error not to more fully inform Plaintiff of what such cross-examination might entail.  *Marin v. Comm'r of Soc. Sec.*, 535 F. Supp. 2d 1263, 1265 (M.D. Fla. 2008). This resulted in prejudice, Plaintiff argues, because the decision issued by the ALJ clearly relied on the VE's testimony, and the credibility of that testimony was untested.

Defendant responds the ALJ gave Plaintiff ample opportunity to cross-examine the VE and further adequately informed her of her rights throughout the process.  Defendant cites to the transcript showing that the ALJ explained to Plaintiff about her rights to representation, told her that an attorney or a non-attorney representative could help her and may not charge a fee or receive a fee unless Social Security approved it, and asked Plaintiff if she wanted to postpone the hearing so she could retain a representative.

Defendant also notes the ALJ asked Plaintiff in plain language whether the VE should be allowed to testify, explained after Plaintiff interrupted the VE's testimony that she would have an opportunity to ask questions, and further asked whether Plaintiff had any questions for the VE at the conclusion of the VE's testimony.

It is true that an ALJ has a basic duty to develop a full and fair record, and this duty is greater for an unrepresented claimant. *Santos v. Soc. Sec. Admin. Comm'r*, 731 F. App'x 848, 854 (11th Cir. 2018). The undersigned finds the ALJ's actions nonetheless met that heightened duty as the ALJ adequately afforded Plaintiff a meaningful chance to participate in her hearing and thus did not deprive Plaintiff of due process. A review of the record demonstrates that, as cited by Defendant, the ALJ took care to include Plaintiff in the process and properly prompted participation at the appropriate junctures.

Plaintiff cites to *Marin v. Commissioner of Social Security* to support her argument. *Marin*, however, is not on all fours with Plaintiff's situation. In *Marin*, the ALJ would not allow the plaintiff's attorney to ask direct questions when cross-examining an expert. 535 F. Supp. 2d at 1265. Here, Plaintiff certainly could have asked questions had she wanted. The issue in this case is instead whether Plaintiff was given a meaningful opportunity to do so. The undersigned finds that she was, and therefore Plaintiff's Motion should be denied on this point.

However, even were that not the case, remand would nonetheless not be required, as a claimant must still show prejudice to warrant reversal. *Id.* Assuming, *arguendo*, that the ALJ's actions *did* deprive Plaintiff of her right to conduct a meaningful cross-examination, "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded

5

. . . for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). In the interest of fully addressing Plaintiff's claims, the undersigned will address whether Plaintiff suffered prejudiced due to insufficient development of the record.

Plaintiff argues there was such prejudice, as there is no indication that the jobs of Office Helper, Garment Sorter, or Marker, which the VE testified could be performed by Plaintiff, involved instructions of no more than three steps as dictated by the limitation in the ALJ's RFC finding. Plaintiff argues that without any testimony from the VE to explain how these three jobs could be performed with instructions involving "no more than three steps," the VE's testimony does not constitute substantial evidence upon which the ALJ could rely because there is an apparent conflict between how the DOT defines how the jobs are performed and the VE's testimony that they could be performed. That this apparent conflict was not resolved, Plaintiff argues, prejudiced Plaintiff.

Defendant responds the DOT's narrative descriptions of these jobs do not indicate or suggest they would involve instructions of more than three steps. The undersigned agrees there is nothing on the face of the descriptions of the jobs cited by Plaintiff that would indicate the jobs would require so many steps. Plaintiff cites no cases to the contrary, while Defendant points to numerous cases that hold that that there is no conflict between jobs requiring Reasoning Level 2, such as those at issue, and a one-to-three-step instruction limitation. *See, e.g., Surprise v. Saul*, 968 F.3d 658, 662–63 (7th Cir. 2020); *Alan R. v. Kijakazi*, No. 2:20-CV-0382-JAG, 2022 WL 949819, at *4–5 (E.D. Wash. Mar. 28, 2022); *Padilla v. Saul*, No. 3:18-CV-580-CHB, 2020 WL 1651227, at *10 (W.D. Ky. Apr. 3, 2020).

It is true that an "ALJ has an affirmative duty to identify and resolve any apparent VE-DOT conflict in a disability hearing." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1365 (11th Cir. 2018). However, that conflict must be "reasonably ascertainable or evident." *Christmas v. Comm'r or Soc. Sec.*, 791 Fed. Appx. 854, 857 (11th Cir. 2019). "The ability to carry out instructions of three steps or less is not inconsistent with Reasoning Level 2 jobs." *Bannister v. Colvin*, No. C15-1741-RAJ, 2016 WL 5141722, at *5 (W.D. Wash. Sept. 21, 2016). The VE was specifically asked whether a person with Plaintiff's instructions limitation could perform the jobs and testified that that the jobs could be so performed. ECF No. 11 at *50. ALJs are not "require[d] . . . to draw inferences about job requirements that are unsupported by the DOT's text and then resolve conflicts between the VE's testimony and those unsupported inferences." *Christmas*, 791 Fed. Appx. at 857.

The undersigned finds Plaintiff has little more than speculation on which to ground her claim of error. "[S]peculation that a conflict exists is insufficient to override the testimony of the VE, who is an expert in the area, that there was no conflict." *Higgins v. Comm'r of Soc. Sec.*, No. 6:11-CV-1221-ORL-KRS, 2012 WL 4327666, at *6 (M.D. Fla. Sept. 20, 2012). Plaintiff was, therefore, not prejudiced by the ALJ's lack of further inquiry on the subject, and Plaintiff's motion should likewise be denied on this point.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS Plaintiff's Motion for Summary Judgment ECF No. 15, be DENIED, and Defendant's Motion for Summary Judgment, ECF No. 19, be GRANTED.

7

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); see Thomas v. Arn, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 13th day of January 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Hon Kathleen M. Williams
All Counsel of Record